Kansas City Southern Railway Company *v*. Oglesby.

Opinion delivered November 26, 1917.

Money received—paid by plaintiff to attorney.—A judgment was obtained by one J. against one R. with a provision in the same for the benefit of one F. upon the ground that J. was indebted to F. in the amount of the judgment. The amount of the judgment was paid by R. to appellee, as attorney for J. and F. and not as R.'s agent. *Held*, R. can not maintain an action for money had and received, against appellee, who paid the money to J. upon ascertaining that before the judgment was rendered, that R. on J.'s order paid F. the amount of J.'s indebtedness to F.; any remedy of R. in case of double payment, is against J. as wrongfully receiving the money.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little*, Judge; affirmed.

*James B. McDonough*, for appellant.

1. Plaintiff was entitled to an instructed verdict as for money had and received. 101 Ark. 350; 65 *Id.* 222; 23 L. R. A. (N. S.) 553 and note in 24 *Id.* 516; 17 Ark. 599; 25 *Id.* 100; 31 *Id.* 155.

Appellee was a bailee of this money to pay Fowler Commission Company or to plaintiff which was subrogated to the company's rights by paying its debts. 9 Ark. 85; 27 A. & E. Enc. Law, 206; 37 Cyc. 303, 380; 40 Ark. 139; 87 *Id.* 60; 99 *Id.* 618; 103 *Id.* 473; 114 *Id.* 344; 82 *Id.* 407; 108 *Id.* 283.

2. Where money is paid for a special purpose which can not be carried out an action lies for money had and received. 27 Cyc. 862, and note 60.

3. It was no defense that defendant paid the money to Jones & Co. 4 Rich. 342; 77 Mich. 173; 12 Gray, 461; 65 Kan. 122; 137 U. S. 411. The money should have been returned to plaintiff. 57 Penn. St. 202; 3 Day, (Conn.) 252; 84 Ga. 476; 39 Ill. 164; 60 Ill. App. 626; 28 Ind. 58; 75 Iowa, 225; 54 Me. 189; 75 *Id.* 462.

4. It was certainly error to direct a verdict for appellee. A case at least was made for a jury. 56 Ark. Law Rep. 373.

5. The court erred in its instructions given and refused. 27 Cyc. 854, 862; 123 Mass. 129; and cases *supra*.

*Oglesby, Cravens & Oglesby,* for appellee.

1. The court properly instructed for defendant because (1) the complaint does not state a cause of action; (2) the evidence failed to establish double payment; (3) Jones & Co. were under the evidence entitled to the money. Plaintiff had notice that Jones & Co. claimed the money. Defendant was not plaintiff's bailee for a particular purpose. Appellant's cases do not apply, reviewing them.

Defendant had no notice before payment to Jones & Co. A verdict was properly directed.

HUMPHREYS, J.   M. Jones & Company, sub-contractors under Ferguson Contracting Company, in a joint suit by M. Jones & Company against the Ferguson Contracting Company and the Kansas City Southern Railway Company, recovered a judgment in the district court of Sequoyah County, Oklahoma, against the Ferguson Contracting Company, and said judgment was declared a lien on the Kansas City Southern Railway Company's property.   It was ascertained by the court that M. Jones & Company was indebted to Fowler Commission Company in the sum of $446.46 with interest at 6 per cent. from June 7, 1911, and the judgment provided that when said amount was paid to the Fowler Commission Company it should be applied as a credit on the judgment in favor of M. Jones & Company against the Ferguson Contracting Company.   When the time arrived for settling the judgment and satisfying the lien, Ira D. Oglesby, attorney for M. Jones & Company, suggested that as the judgment was in favor of M. Jones & Company for an aggregate amount of $27,757, the voucher be issued payable to him as their attorney of record, leaving it to him to settle with the creditors of M. Jones & Company, protected by the terms of the judgment.   As a protection to the Kansas City Southern Railway Company, its attorney suggested that vouchers be drawn jointly to M. Jones & Company and their creditors for the several amounts due by M. Jones & Company to each, and that a voucher be drawn directly to M. Jones & Company for the amount due it after deducting the several amounts due its creditors under the terms of the judgment.   This method was adopted and vouchers were drawn accordingly, and amongst them was voucher No. 52 made payable jointly to M. Jones & Company and the Fowler Commission Company for the sum of $507.83. All these vouchers were delivered to Ira D. Oglesby with the request that he satisfy the judgment of record.   In his acknowledgment of the receipt of the vouchers, Oglesby responded that he had understood from one of the attorneys of the Kansas City Southern Railway Company,

that upon his receipt as attorney for the several parties
in whose favor the vouchers had been drawn, that the
railroad company would pay the vouchers.  Thereupon
the railroad was instructed by its attorney as follows:
"Referring to auditor's vouchers Nos. 51, 52, 53, 54, 55,
56, September, 1913, being vouchers in settlement of case
of M. Jones & Company v. Kansas City Southern Rail-
way Company:

"The plaintiffs in many of the cases are absent from
Arkansas and Oklahoma, and under the law of both
states, Mr. Ira D. Oglesby, attorney for the plaintiffs,
is authorized to sign' the name of each plaintiff, which
signature when made in the name of the plaintiff by him
as attorney is a complete protection to the company.

"I have delivered the vouchers to Mr. Oglesby with
the understanding that the signature of his clients' names
by him will be a protection.

"Please have the vouchers drawn so that the judg-
ment may be satisfied of record."

Voucher No. 52, drawn in favor of M. Jones & Com-
pany and Fowler Commission Company, was signed in
the manner directed by the attorney for the Kansas City
Southern Railway Company.  The money was paid to
Ira D. Oglesby who sent a check for the amount, less
a fee of ten per cent., to the Fowler Commission Com-
pany who held same for investigation.  In the letter
enclosing the check, Oglesby informed the Commission
Company that when employed by M. Jones & Company
to enforce a lien against the Kansas City Southern Rail-
way Company, he found M. Jones & Company was in-
debted to many persons, among them the Commission
Company, and "had so framed the proceedings that M.
Jones & Company (if successful) could not appropriate
any judgment they could obtain to their own use, and
other creditors could not appropriate such judgment until
claims upon this work were paid."  During the period
of investigation, Oglesby again wrote the Commission
Company as follows:  "It may be that Jones & Company
in compliance with suggestion of Mr. Rust (referring to

the engineer) gave an order that the company pay you this amount, and it may have been paid by the railroad company, so that the account is balanced. If this was done, kindly return me check, for in that event it would not be due the railroad company, as M. Jones & Company had full settlement with you into which this account was included, if paid as above suggested." Later, the Fowler Commission Company notified Oglesby that, "We are unable to locate that M. Jones & Company are still indebted to us, the amount evidently having been paid by the Kansas City Southern Railway Company. We herewith return the check." In the meantime, Oglesby had been notified by his client, M. Jones & Company, to send the money to them, that they had paid the claim. Thereupon, Oglesby sent the money to M. Jones & Company.

In response to a demand for the return of the money by appellee to appellant, appellee in a letter denying liability to appellant stated, "* * * if I had known that the railroad company had paid Fowler Commission Company, I would gladly have protected it, but I acted in perfect good faith and do not think I should be charged with the negligence of the company in overlooking the fact that it had paid the claim and therefore did not owe the amount, either to the Commission Company or Jones & Company."

The Kansas City Southern Railway Company brought this suit against Ira D. Oglesby in the circuit court for the Ft. Smith District of Sebastian County, for the amount covered by voucher No. 52, alleging, in substance, that it had delivered the voucher to Oglesby, as attorney for the Fowler Commission Company, to be paid to that company; that Oglesby, with full knowledge that the railroad company had already paid the claim, paid said sum to M. Jones & Company instead of returning it to said Railroad Company. Appellee answered, denying liability.

There is evidence tending to show that prior to the rendition of the judgment in the Oklahoma court, this

claim had been paid by the Kansas City Southern Railway Company to Fowler Commission Company on order from M. Jones & Company through the engineering department of said Kansas City Southern Railway Company, and that the item was erroneously allowed by the judgment aforesaid; that voucher No. 52 was drawn and delivered by the legal department of the Kansas City Southern Railway Company without knowledge that the same amount had been paid by said Railway Company through its engineering department. There was evidence tending to show that at the time the first payment was made by the engineering department, the amount was charged to M. Jones & Company, and, in that way, amounted to a payment by M. Jones & Company instead of a payment by the Kansas City Southern Railway Company.

The cause was heard upon the pleadings and evidence and a verdict rendered in favor of appellee in response to a peremptory instruction given by the court. Proper steps were taken and the case is here on appeal.

The record is voluminous and it is impractical to set it out in detail in this opinion. The pleadings and facts are sufficently stated for a determination of the issues involved. It may be necessary, in the course of the opinion, to refer to additional facts not set out above.

The double payment, insisted upon by appellant in this case as a basis for its cause of action, involved an alleged payment by appellant to the Fowler Commission Company antedating the Oklahoma judgment. Appellant itself insisted in that case that M. Jones & Company owed the Fowler Commission Company the amount in controversy in this suit. The issue of said indebtedness was an issue in that suit. It seems to us that the question as to whether this amount had been paid by appellant to Fowler Commission Company prior to the rendition of that judgment can not be a subject of litigation directly or indirectly until that judgment is set aside or modified. It was adjudicated in that case that M. Jones & Company were entitled to a personal judgment against

the Ferguson Contracting Company to the full amount of $27,757, and a lien was declared in favor of M. Jones & Company against the property of the Kansas City Southern Railway Company for the full amount of said judgment. It seems to us that the only remedy available to the Kansas City Southern Railway Company to obtain a satisfaction of the lien in favor of M. Jones & Company, was to pay the amount of the judgment in full to M. Jones & Company and their creditors protected under the terms of the judgment, or to secure a modification of the Oklahoma judgment in the court which rendered it.

But be that as it may, the real contention made by appellant here is, that the facts and pleadings as automatically amended by the facts in the case, constituted Ira D. Oglesby its bailee for the purpose of collecting voucher No. 52 and paying the proceeds thereof to Fowler Commission Company. Counsel for appellant has cited much authority to the effect that, "Where money or property is received for a special purpose and that purpose can not be carried out, an action for money had and received will lie to recover back the money." The application of this principle, so well expressed by learned counsel, to the instant case, must depend on whether any privity of contract, express or implied, existed between the railroad company and Oglesby requiring Oglesby to pay this money to Fowler Commission Company. It is conceded by appellant that it treated with Oglesby as attorney for the M. Jones & Company and Fowler Commission Company in the settlement of the judgment. The manner of payment was for the obvious purpose of getting immediate, complete and final release from the lien against its property. It took the precaution to issue the voucher jointly to M. Jones & Company and Fowler Commission Company, and not to pay the voucher until Oglesby receipted it as attorney for each. It dealt with him strictly as agent and representative of M. Jones & Company and Fowler Commission Company, and not as its own agent or bailee. The railroad company made the payment upon the theory and advice of its counsel that an

attorney had a right to satisfy a judgment and release a judgment lien for his clients under the laws of both Oklahoma and Arkansas. When Oglesby collected the judgment and released the lien, he was wholly and entirely answerable to his clients for the disposition of the proceeds of the voucher and not to the railroad company. Oglesby paid the money to M. Jones and Company, the judgment creditor, and if the railroad company has made double payment, its remedy, if any, must be against the company wrongfully receiving the money. The undisputed evidence disclosed that Oglesby did not receive the money in the capacity of agent or bailee for appellant, hence, it was proper to instruct the jury to return a verdict for appellee. Under this view of the case, it is unnecessary to discuss the questions of double payment, subrogation and refusal of the court to give the instructions requested by appellant. All the instructions requested and refused were based upon the theory that appellee was appellant's bailee for the purpose of paying the money to Fowler Commission Company and answerable to it in case the money was disposed of in any other way. The instructions were properly refused.

The judgment is affirmed.